**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TRENT DAVIS, next of kin to KENNETH DAVIS, deceased,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:26-cv-01159-STA-jay** |
| **QCHC OF TENNESSEE, PLLC; TAMMY GATHINGS, NP, individually; BREANNE NICHOLE MCCASLAND, LPN, individually; MARIELLEN BURCHELL, LPN, individually; GIBSON COUNTY, TENNESSEE; PAUL THOMAS, Gibson County Sheriff, in his official capacity,** | ) | |
| **Defendants.** | ) | |

---

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**ORDER DENYING GIBSON COUNTY DEFENDANTS' MOTION TO DISMISS AS MOOT**

---

Before the Court are two motions: a Renewed Motion for Leave to File First Amended Complaint (ECF No. 27) filed by Plaintiff Trent Davis and a Motion to Dismiss (ECF No. 18) filed by Defendants Gibson County, Tennessee and Sheriff Paul Thomas in his official capacity. Plaintiff filed his request to amend his pleadings in response to Defendants' Rule 12(b)(6) Motion, and the parties have fully briefed the request to amend. For the reasons set forth below, Plaintiff's Motion is **GRANTED**, and Defendants' Motion is **DENIED as moot**.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial and allows a party to amend its pleading only with the opposing party's consent or by leave of court.

Rule 15(a)(2) adds that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Herhold v. Green Tree Savings, LLC*, 608 F. App'x 328, 330-31 (6th Cir. 2015) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).

The Sixth Circuit has remarked that "the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (citations omitted). In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc., leave to amend should, as the rules require, be "freely given." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

The Court finds good cause to permit Plaintiff to amend his pleading. One of the issues presented in Defendants' Motion to Dismiss is the impact of a recent decision issued by the Sixth Circuit. After Plaintiff filed his initial Complaint, the Sixth Circuit sitting *en banc* abrogated a recent line of cases and returned to the former rule in this Circuit that "*Farmer v. Brennan*'s subjective standard properly governs deliberate-indifference cases brought under the Fourteenth Amendment." *Poynter v. Shirley*, 191 F.4th 745, 767 (6th Cir. 2026) (*en banc*). Defendants argue in their Motion to Dismiss the initial Complaint that Plaintiff has failed to allege enough facts to meet the *Farmer* deliberate indifference standard. In response Plaintiff has moved for leave to amend his Complaint. Under the circumstances, the Court finds that Plaintiff should have the opportunity to amend his pleadings to account for the intervening change in the law.

Defendants raise other objections to the amended pleading Plaintiff has proposed. Defendants next argue that the Court should not allow Plaintiff to press his claims against three individual employees of QCHC of Tennessee, PLLC: Tammy Gathings, NP; Breanne Nichole McCasland, LPN; and Mariellen Burchell, LPN. As the Court noted in its order denying Plaintiff's original motion to amend, Plaintiff had not yet caused summons to issue as to the individual Defendants and Rule 4(m)'s 90-day time limit for service had just run out. Order Denying Mot. to Amend 3, Oct. 20, 2026 (ECF No. 22). The same day that the Court entered its order, Plaintiff caused summons to issue for each of the individual Defendants. However, Plaintiff has not yet served Defendants and instead requests to have 30 days from the entry of the Court's order on the instant Motion in which to serve the individual Defendants with process.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Dismissal is mandatory unless the plaintiff shows good cause for the failure to serve; if it does, then the Court must extend the time for service. *Id*. Here, Plaintiff concedes that he cannot show good cause for his failure to meet the 90-day deadline for service. So Plaintiff asks the Court to exercise its discretion and extend the time for service, only as it pertains to the individual Defendants.

Even without a showing of good cause, "the court retains discretion as to whether or not to enlarge [Rule 4(m)'s 90-day] timeframe." *United States v. Oakland Phys. Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). The Sixth Circuit has adopted the following factors for district courts to consider "when deciding whether to grant a discretionary extension of time in the absence of a finding of good cause":

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a *pro se* litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569.

The Court finds that the balance of these factors weighs in favor of a discretionary extension of Plaintiff's deadline to serve the individual Defendants. The timing weighs in Plaintiff's favor. Plaintiff caused summons to issue the day after the time for service expired and the Court brought the issue to Plaintiff's attention. Plaintiff then filed his Renewed Motion to Amend the following day. The overall extension of time sought by Plaintiff, 30 days from the entry of this order, actually amounts to roughly 60 days from the expiration of the 90-day time limit for service. Because the pleadings have not yet closed, the Court has not entered a scheduling order. The extension therefore comes relatively early in the progress of the case. And while the Court has no reason to find the individual Defendants had notice of the suit, the Court also has no reason to find that the extension will prejudice the individual Defendants. All in all, a discretionary extension of the deadline to serve Defendants is justified.

Defendants raise one other objection to the proposed amended pleading. Plaintiff seeks leave to file an amended pleading over 77 pages long (exclusive of signature pages) and consisting of 683 numbered paragraphs. The proposed amended pleading represents a significant expansion of the original Complaint (ECF No. 1), which was 27 pages in length and contained 112 number

paragraphs. Defendants assert that the much longer amended pleading is futile and has not been proposed in good faith. Plaintiff answers that the longer amended pleading contains more allegations to support his claim that Defendants were deliberately indifferent to Plaintiff's decedent's serious medical needs. Plaintiff also states that new pleading avoids the problem of compound allegations and therefore contains shorter individual allegations but more of them.

As the Court noted in denying Plaintiff's initial request to amend, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "(1) a short and plain jurisdictional statement, (2) a short and plain statement of the claim, and (3) an explanation of the relief sought." Fed. R. Civ. P. 8(a). "That's it. By listing these elements, Rule 8 implicitly 'excludes other requirements that must be satisfied for a complaint to state a claim for relief.'" Gallivan v. United States, 943 F.3d 291, 293 (6th Cir. 2019) (citing Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts § 10, at 107 (2012)) (other citation omitted).

The Court credits Plaintiff's explanation that his proposed amended pleading addresses Defendants' complaints about the number of compound allegations made in the initial Complaint. Although the Court continues to have serious concerns about the length of the pleading, the Court does not find that its length alone bars Plaintiff's request to amend. *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) ("So while excessive length may indicate a lack of requisite concision and simplicity, it cannot be the sole factor justifying dismissal.") (citations omitted). "The key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Id.* (cleaned up). The Court does not find that the proposed amended pleading fits that description, either. Therefore, the Court will **GRANT** Plaintiff's Motion and allow Plaintiff to file an amended pleading.

The Court does find that the length of the proposed amended pleading is due in part to the typographical formatting employed by counsel for Plaintiff. Local Rule 7.1 governs the format of every paper filed with the Court. One of the conventions required under Local Rule 7.1(a) is the use of one-inch margins on all sides. L.R. 7.1(a) ("All pleadings, motions, and other papers presented for filing shall be on 8-1/2 by 11 inch white paper, typewritten, with one-inch margins on all sides . . . ."). It appears to the Court that the amended pleading proposed by Plaintiff was prepared with margins larger than one inch. The text following each individually numbered paragraph of the pleading is further indented, making the margins appear even larger. L.R. 7.1(b) (permitting only quotations to be indented). And the proposed pleading also appears to use spacing greater than regular double-spaced text for its headings and subheadings. L.R. 7.1(b) (requiring all lines to be double-spaced).

The effect of using overly wide margins with additional indention and extra wide spacing has been to compress the text of the pleading into much narrower lines, which in turn has resulted in the use of more pages than otherwise might be necessary. Before filing the proposed amended pleading, Plaintiff is directed to resize the text and spacing of the pleading to comply with Local Rule 7.1 and perhaps reduce the overall number of pages of the pleading.

For the sake of clarity in the record, Plaintiff should refile the revised pleading as a separate docket entry within three (3) days of the entry of this order.

The filing of Plaintiff's amended pleading means Defendants' Motion to Dismiss the initial Complaint is now moot. "Once an amended pleading is interposed, the original pleading no longer performs any function in the case." *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) (quoting 6 Arthur R. Miller, Mary Kay Kane & A. Benjamin Spencer, *Federal Practice & Procedure* § 1476 (3d ed. 2021)); *see also Heyward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014)

(citation omitted). Generally speaking, "filing an amended complaint moots pending motions to dismiss." *Id.* (collecting cases). Courts in this Circuit routinely deny motions to dismiss a pleading as moot after the pleading party subsequently amends its pleading. *E.g., Pinks v. Lowe's Home Centers, Inc.*, 83 F. App'x 90 (6th Cir. 2003); *Am. Nat'l Prop. & Cas. Co. v. Stutte*, 298 F.R.D. 376, 380 (E.D. Tenn. 2014); *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 948 (M.D. Tenn. 2012); *Ellis v. Kaye-Kibbey*, 581 F. Supp. 2d 861 (W.D. Mich. 2008).

In light of the fact that Plaintiff has been granted leave to file an amended pleading, the original Complaint is, strictly speaking, a nullity. Therefore, Defendants' Motion to Dismiss the initial Complaint is **DENIED** as moot.

## CONCLUSION

Plaintiff's Renewed Motion to Amend is **GRANTED**. The Court grants Plaintiff leave to file an amended pleading and 30 days from the entry of this order to serve the individual Defendants who have heretofore not been served with process. The Court's order is without prejudice to the rights of the individual Defendants to raise any defense available to them, including defenses concerning process or the service of process. Plaintiff is further directed to revise his proposed amended pleading to comply with Local Rule 7.1 and the Court's instructions herein. In light of the filing of Plaintiff's amended pleading, Defendants' Motion to Dismiss the original Complaint is **DENIED as moot**.

**IT IS SO ORDERED**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 19, 2026